UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&N PUBLISHING L.L.C. D/B/A JUAN AND NELSON PUBLISHING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLU ICE ENTERTAINMENT, L.L.C., et al.,<br><br>Defendants. | Case No. 19-cv-01029-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>Docket Nos. 19, 27 |

Currently pending before the Court is Judge Laporte's report and recommendation ("R&R") on Plaintiffs' motion for default judgment. Having reviewed the R&R as well as the motion and supporting documents, the Court hereby orders Plaintiffs to provide supplemental briefing and/or evidence as provided below.

(1) Judge Laporte has recommended that a permanent injunction be issued that restrains Defendants from using in their business establishment "any copyrighted musical composition owned by Plaintiffs *or* any copyrighted musical composition in the repertory of Plaintiffs' performing rights licensing organization, the American Society of Composers, Authors and Publishers [ASCAP]." R&R at 10 (emphasis added). Plaintiffs shall address why it is reasonable to enjoin Defendants from using any copyrighted musical composition in the ASCAP repertory given that ASCAP covers many members and not just Plaintiffs. In other words, is the injunction too broad in covering any ASCAP members' copyrighted songs, and not just Plaintiffs'?

(2) Judge Laporte has recommended that Plaintiffs be awarded $60,000 in statutory damages, representing an award of $20,000 per song (three total) that Defendants used. Plaintiffs

shall provide additional information to support this amount of statutory damages. Information that may be helpful to the Court in assessing statutory damages includes the following:

- What did Plaintiffs charge Defendants under the prior ASCAP license? What did that license cover – *e.g.*, all songs in the ASCAP repertory or just a subset of that repertory (and if the latter, what subset)?
- How did Plaintiffs calculate the $35,000 that Defendants allegedly would have "saved" for the period November 1, 2015, through the present? For instance, what would have been charged for each year during this period? Would that charge have covered the entire ASCAP repertory or could Defendants have gotten a license "narrower" in scope that would cover the infringed songs of Plaintiffs? Would the charge to Defendants be based on the kind of business establishment run by Defendants and/or similarly situated establishments (and if so, what constitutes a similarly situated establishment)?

The supplemental papers shall be filed within a week of the date of this order. In addition, immediately upon receipt of this order, Plaintiffs shall serve a copy of this order, as well as a copy of Judge Laporte's R&R, on Defendants. Service shall be made by mail and email (if email addresses are known to Plaintiffs). Plaintiffs shall also immediately file a declaration certifying service on Defendants as ordered.

**IT IS SO ORDERED**.

Dated: October 23, 2019

_____
EDWARD M. CHEN
United States District Judge

2