UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&N PUBLISHING L.L.C. D/B/A JUAN AND NELSON PUBLISHING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLU ICE ENTERTAINMENT, L.L.C., et al.,<br><br>Defendants. | Case No. 19-cv-01029-EMC<br><br>**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT & RECOMMENDATION**<br><br>Docket No. 19, 27 |

Currently pending before the Court is Judge Laporte's report and recommendation ("R&R") on Plaintiffs' motion for default judgment. *See* Docket No. 19 (motion); Docket No. 27 (R&R). Having considered the papers submitted, including the supplemental briefing filed by Plaintiffs, the Court hereby **ADOPTS** in part and **REJECTS** in part the R&R.

With respect to the issue of liability on the copyright infringement claim, the Court finds Judge Laporte's R&R thorough, well reasoned, and correct and therefore agrees that Plaintiffs are entitled to a judgment in their favor. The Court, however, does not agree with the relief recommended by Judge Laporte.

As to the permanent injunction, the Court concludes that it should extend only to "any copyrighted musical composition owned by Plaintiffs," but not any copyrighted musical composition in the ASCAP repertory. Docket No. 27 (R&R at 10). Plaintiffs correctly point out that there are a number of district courts that have granted the broader injunction. "The rationale behind the broad injunction against performance of all ASCAP songs is that plaintiffs in cases such as the one presently before the Court represent all ASCAP members, and thus, an injunction encompassing all ASCAP works is an appropriate remedy." *Controversy Music v. Shiferaw*, No.

1  C02-5254-MJJ, 2003 U.S. Dist. LEXIS 15224, at *4-5 (N.D. Cal. July 7, 2003). But not all

2  district courts appear to have taken this approach. *See Swallow Turn Music v. Wilson*, 831 F.

3  Supp. 575, 581 (E.D. Tex. 1993) (noting that "some courts have only enjoined performance of the

4  particular songs sued upon," while "other federal courts have enjoined defendants from publicly

5  performing any ASCAP members' music without permission from the copyright owner or a

6  license from ASCAP").

7  Moreover, the rationale offered by those courts issuing the broader injunction is

8  problematic. Plaintiffs would not seem to have standing to seek an injunction restraining the use

9  of songs for which they do not hold a copyright. If Plaintiffs are supposed to be representatives,

10  the instant case is not a class action. ASCAP purports to represent Plaintiffs and others like them,

11  but ASCAP is not a party to this litigation.

12  Aside from these problems, the Court is also troubled by the broad injunction for case

13  specific reasons. First, Plaintiffs have pointed to infringement with respect to three songs only;

14  apparently, the ASCAP repertory contains "more than 11.5 million works and increases daily, as

15  new works are created and as new members join the society." Docket No. 31-1 (Jones Decl. ¶ 6).

16  Second, Plaintiffs' complaint seems to seek injunctive relief with respect to the three songs only,

17  not the entire ASCAP repertory. *See* Compl., Prayer for Relief I (asking that "Defendants and all

18  persons acting under the direction, control, permission or authority of Defendants be enjoined and

19  restrained permanently from publicly performing the aforementioned compositions – or any of

20  them – and from causing or permitting the said compositions to be publicly performed at

21  Roccapulco, or at any place owned, controlled, managed, or operated by Defendants, and from

22  aiding or abetting the public performance of such compositions in any such place or otherwise").

23  Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from,

24  or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

25  As for damages, Judge Laporte recommended that Plaintiffs be awarded $60,000 in

26  statutory damages. This would represent $20,000 per infringed song, or two times the licensing

27  fees that Defendants would have paid if they had obtained a license for the ASCAP repertory from

28  October 2015 to the present. *See* Docket No. 31-1 (Jones Decl. ¶ 20) (explaining the calculation

of fees for this period; total fees would be approximately $33,000). The Court recognizes that the statutory damages requested falls within the range contemplated by the Copyright Act. *See* 17 U.S.C. § 504(c) (providing that a copyright owner may elect "an award of statutory damages for all infringements involved in the action, with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just"; for willful infringement, the statutory damages may be increased "to a sum of not more than $150,000"). The Court also acknowledges the supplemental evidence provided by Plaintiffs to explain how they calculated the licensing fees.

Nevertheless, the Court is not persuaded that $60,000 is a "just" award. *Id.* In calculating the licensing fees that Defendants "saved" or avoided, Plaintiffs have assumed that Defendants infringed for the entire period from October 2015 to the present. But they have provided evidence of infringement on (in essence) one night only. This is not to say that Defendants did not commit additional infringements over the course of the four-year period at issue. However, Plaintiffs have made no attempt to show that this was in fact the case or that it may reasonably be inferred that this was the case or likely the case – especially if the infringement is narrowed to only Plaintiffs' songs and not the broader ASCAP repertory. Accordingly, the Court cannot credit Plaintiffs' claim that Defendants saved or avoided approximately $33,000 in licensing fees.

To the extent Plaintiffs contend that $20,000 per infringement is still a fair award based on case law, the cases Plaintiffs have cited have varied, with the awards ranging from $10,000 to $22,500 per infringed song. Plaintiffs' request is on the higher end. It is also on the higher end of § 504(c)(1), which sets the limit at $30,000 (where no willful infringement is proved). Plaintiffs have made no real attempt to explain why an award on the higher end is warranted, other than noting that Defendants have not fully paid on their prior license and that Defendants were warned that, without a license, it could not perform any songs in the ASCAP repertory.

Based on the record before the Court, the Court finds that a statutory damages award of $45,000 is appropriate. This figure amounts to $15,000 per infringed song. Fifteen thousand dollars falls in the middle of the range of § 504(c)(1), as well as in the middle of the range with respect to the cases on which Plaintiffs rely. An award in the middle range is justified because it is fair to assume that each infringed song had some level of popularity to Defendants' customer

base or it would not have been played. An award on the higher end is not warranted, particularly as Plaintiffs have pointed to infringement occurring on (in essence) one night only. The Court also notes that, even if Defendants did infringe throughout the four-year period, an award of $45,000 should still have a deterrent effect given that the figure exceeds the $33,000 licensing fees calculated by Plaintiffs.

Accordingly, the Court orders as follows.

- Plaintiffs' motion for default judgment is granted.
- Defendants (including their officers, agents, servants, employees, and attorneys) and those persons or entities in active participation and concert with them are permanently enjoined from publicly performing, or causing or permitting to be publicly performed, in their business establishment known as Roccapulco Supper Club, located at 3140 Mission St., San Francisco, California, or in any other place owned, controlled, managed, or operated by Defendants, any copyrighted musical composition owned by Plaintiffs.
- Plaintiffs are awarded statutory damages for copyright infringement in the amount of $45,000.
- Plaintiffs are awarded their attorney's fees and costs in the amount of $16,662.33.

The Clerk of the Court is directed to enter a final judgment in accordance with the above and close the file in this case.

**IT IS SO ORDERED**.

Dated: November 12, 2019

_____
EDWARD M. CHEN
United States District Judge